**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| David Dimmick,<br>Plaintiff,<br>v.<br>Brooklyn Bowl Las Vegas, LLC, et al.,<br>Defendants. | Case No. 2:26-cv-01942-MMD-NJK<br>**Order**<br>[Docket No. 14] |

Pending before the Court is the parties' stipulation to extend and reopen discovery deadlines. Docket No. 14.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

When a request for relief from a case management deadline is filed after the subject deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[2]

The parties seek to reopen the deadline to amend pleadings or add parties and to extend it and all other case management deadlines by 60 days. *See* Docket No. 14. The parties held their Rule 26(f) conference on August 4, 2026, *see* Docket No. 12 at 1, and were therefore free to begin discovery at that time. The Court issued its scheduling order on August 17, 2026, which set the case management deadlines, including an initial disclosure deadline of August 18, 2026. Docket

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[2] The Ninth Circuit has at times stated the factors for consideration somewhat differently with respect to reopening discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017). Not all of the factors carry equal weight, however, and the Ninth Circuit has made clear repeatedly that a lack of diligence can be a critical deficiency. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (affirming denial of motion to reopen discovery based on lack of diligence); *see also Branch Banking*, 871 F.3d at 765 (concluding that lack of diligence is "on its own" sufficient to deny request to reopen case management deadline).

No. 13. The Court specifically warned the parties that the "case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." *Id*. at 1. Nonetheless, Plaintiff served his initial disclosures more than a month after the deadline to do so, and Defendants appear to have never served their initial disclosures at all. Docket No. 14 at 1. Further, the parties have engaged in almost no affirmative discovery: Defendant served a set of written discovery on Plaintiff on September 18, 2026, and Plaintiff has not responded to that discovery despite the fact that that time to do so has expired. *Id*. Additionally, the parties engaged in no discovery efforts in either August or October. *Id*. On this record, the Court cannot find that the parties have diligently engaged in discovery.

Under the caselaw and the rules, since the parties were not diligent, the inquiry should end. The parties submit, however, that Plaintiff's counsel "has been dealing with a serious health condition this year, and began treatment about a week and a half ago." *Id*. For that reason alone, the Court will grant the request to extend the unexpired case management deadlines.[3] The parties have not even attempted to demonstrate excusable neglect for the deadline that has already expired; therefore, the Court will not reopen that deadline.

Accordingly, the Court **GRANTS** in part and **DENIES** in part the parties' stipulation. Docket No. 14. The Court **DENIES** the parties' request to reopen and extend the deadline to amend pleadings and add parties.

The Court **RESETS** the unexpired case management deadlines as follows:

- Initial experts: December 28, 2026
- Rebuttal experts: January 22, 2027
- Discovery cutoff: February 22, 2027
- Dispositive motions: March 24, 2027
- Joint proposed pretrial order: April 23, 2027, or 30 days after the resolution of dispositive motions

[3] None of the other reasons submitted by the parties to explain their lack of diligence constitutes good cause.

During this time, the parties must diligently engage in discovery. Any future request for an extension must comply in full with all Local Rules and Federal Rules and must include an appropriate showing of all required standards.

IT IS SO ORDERED.

Dated: October 27, 2026

Nancy J. Koppe
United States Magistrate Judge